UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALBANY MOLECULAR RESEARCH, INC., | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:11-mc-15-TWP-TAB |
| | ) |
| GEORGE C. SCHLOEMER, | ) |
| Defendant. | ) |

**ORDER ON DISCOVERY AND RELATED MATTERS**

**I.      Introduction**

This Northern District of New York action is before this Court on motions to quash and compel responses to a subpoena served on Indianapolis-based nonparty Eli Lilly and Company. [Docket Nos. 1, 11, 25.]  Although some of the discovery sought by the subpoena is irrelevant, other topics are relevant and will not unduly burden Lilly or threaten its trade secrets.  The Court therefore grants in part and denies in part the parties' motions.

**II.     Background**

In March 2007, nonparty PGxHealth, LLC contracted with Plaintiff Albany Molecular Research, Inc. to develop a manufacturing process for the active ingredient of a new antidepressant called Vilazodone.  In December 2007, PGx hired Defendant George Schloemer as a consultant to go between it and AMRI during development of the manufacturing process. According to AMRI, Schloemer "disparaged and maligned AMRI" and advocated for PGx to contract with a different company, ScinoPharm Taiwan Ltd.  Ultimately, in March 2008, PGx contracted with ScinoPharm to produce Vilazodone and stopped paying AMRI under their contract.

This situation resulted in two lawsuits. First, PGx sought a declaratory judgment in Massachusetts state court that it did not owe AMRI under their contract. AMRI counterclaimed for payment, and one of PGx's defenses is that it chose ScinoPharm because AMRI's Vilazodone was unacceptably impure. The second lawsuit was filed by AMRI in the Northern District of New York against Schloemer and alleges that he tortiously interfered with the AMRI-PGx contract and their potential long-term relationship for Vilazodone production.

On February 4, 2011, AMRI served a third-party subpoena in the New York action on Lilly seeking documents related to Lilly's potential acquisition of PGx or PGx's parent company. Schloemer moved to quash in the Northern District of New York, and Magistrate Judge David R. Homer held a conference with counsel for Schloemer and AMRI. Judge Homer concluded that "Rule 45 requires that the relief sought here by Schloemer be sought in the Southern District of Indiana where the subpoena was issued" but commented that "Eli Lilly may possess factual information which may likely lead to the discovery of admissible evidence." [Docket No. 12, Ex. 1F.]

The subpoena fight then moved to Indiana. Schloemer and Lilly moved to quash, and AMRI moved to compel Lilly's compliance. [Docket Nos. 1, 11, 25.] Schloemer also moved to seal the entire case or, alternatively, his briefing. [Docket Nos. 8, 17, 24, 34.]

**III.    Discussion**

The parties' arguments concerning the subpoena focus on standing, undue burden, trade secrets, and relevance.

2

A. *Standing*

The Court first addresses AMRI's argument that Schloemer lacks standing to move to quash a subpoena because he is not the subpoenaed party and has not asserted any special privilege or right. [Docket No. 12 at 6–7.] Schloemer responds that his interest is in preventing AMRI's interference with his business relationships and protecting his reputation in the pharmaceutical industry. [Docket No. 16 at 4.] These interests give Schloemer standing to move to quash AMRI's subpoena.[1] *Farmer v. Senior Home Companions, Inc.*, No. 1:08-cv-379-DFH-JMS, 2009 WL 564193, at *1 n.1. (S.D. Ind. Mar. 5, 2009) ("Interference with Defendant's relationship with its clients is a legitimate interest . . . .").

B. *Relevance*

Schloemer argues that none of the information AMRI seeks from Lilly is relevant because it is not about AMRI's or Schloemer's activities. [Docket No. 2 at 6.] Alternatively, Schloemer asks the Court to limit the subpoena to paragraph 9 ("Communications between Eli Lilly and PGx concerning Vilazodone."). AMRI responds that Schloemer has "already lost the exact same motion before the Magistrate Judge overseeing the New York action" because "Magistrate Judge Homer expressly held in his February 8, 2011 decision that this subpoena seeks information that is relevant to the underlying action." [Docket No. 12 at 1, 7.] AMRI also argues that the information is relevant to whether PGx terminated their contract because of

---

[1]This conclusion is consistent with a recent decision in this action concerning AMRI's subpoena seeking documents from the United States Food and Drug Administration. *Albany Molecular Research, Inc. v. George C. Schloemer,* No. 11-0096 (JDB), 2011 WL 1428268, at *2 (D.D.C. Apr. 14, 2011) ("Although AMRI tries to assert that neither PGxHealth nor Schloemer has any special privilege or right implicated by the documents in question, the Court finds that they have a real and defined interest in the business records requested in the subpoena so as to satisfy the standing requirements.").

Schloemer's tortious interference or because of AMRI's improper process for developing Vilazodone. [Docket No. 12 at 8.]

AMRI's first argument misstates Judge Homer's decision. Schloemer did not "lose" his motion, and Judge Homer did not hold that the information sought was relevant. Instead, Judge Homer dismissed Schloemer's motion without prejudice, holding that Rule 45 requires that relief be sought in the district where the subpoena was issued. Judge Homer merely commented that "[f]rom the letters and the conference, it appears that third-party Eli Lilly may possess factual information which may likely lead to the discovery of admissible evidence." [Docket No. 12, Ex. 1F.]

AMRI's second argument overstates the relevance of the information it requests. AMRI is correct that information about PGx's reason for termination is relevant, and some of its requests seek such information. Other requests, however, seek information about Lilly's internal analyses and communications concerning Vilazodone, which are irrelevant to PGx's reasoning. The Court therefore limits AMRI's requested documents to those concerning Vilazodone that are not Lilly's internal analyses or communications. Specifically, the Court quashes paragraphs 7 and 8 of Schedule A to the subpoena and quashes paragraph 1 to the extent it seeks information unrelated to Vilazodone.

    C.    *Undue burden*

Lilly argues that the subpoena is unduly burdensome because it will require significant resources to collect responsive documents and prepare and produce a witness. Lilly estimates that it will "take more than 2–3 weeks of dedicated resources to compile . . . and then review" the requested emails alone. [Docket No. 26 at 14.]

Federal Rule of Civil Procedure 45 requires the Court to quash or modify a subpoena that "subjects a person to undue burden." Whether a subpoena imposes an undue burden depends on whether it calls for discovery that is irrelevant, unduly expensive, unreasonably cumulative or duplicative, or obtainable from a more convenient source. *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895 (S.D. Ind. 2006); *Morrow v. Air Ride Techs.*, No. IP-05-113, 2006 WL 559288, at *1 (S.D. Ind. Mar. 6, 2006). Additionally, nonparty status is a "signficant factor" for the Court to consider when assessing undue burden. *WM High Yield,* 460 F. Supp. 2d at 895–96. As discussed above, AMRI's subpoena calls for some discovery that is irrelevant. Having quashed those portions of the subpoena, the Court considers whether the narrowed subpoena imposes an undue burden on Lilly.

This consideration does not occur in a vacuum. It is significant that, even though Lilly is a nonparty, Lilly is a large, sophisticated corporation that is no stranger to complex litigation. In numerous cases in this district, Lilly has repeatedly demonstrated its ability to coordinate large-scale document production. And given the limitations on the subpoena, Lilly's responses should not require the estimated two to three weeks of dedicated resources.

As to whether the subpoena calls for duplicative discovery or discovery obtainable from a more convenient source, Lilly is correct that this Court has previously denied a motion to compel a nonparty's response when the moving party provided no "assurance of unavailability of [the] information from a less burdensome source." *Morrow*, 2006 WL 559288, at *2. In this case, it is unclear whether AMRI has made sufficient efforts to obtain information directly from nonparty PGx. In the Massachusetts action to which PGx is a party, AMRI requested from PGx "All Documents related to Vilazodone provided to any third party company in regard to a

5

potential acquisition of PGX." [Docket No. 2, Ex. 5 at Request No. 5.] AMRI asserts that "it has not received any documents from PGx relating to the due diligence" [Docket No. 12 at 8], but it does not state whether it moved to compel them. Instead, AMRI argues that documents relating to Lilly's conversations with PGx are "obviously not in the PGx file." [Docket No. 28 at 2.]

AMRI is correct that the documents it seeks may be (at least partially) different from those it could have obtained from PGx. Moreover, it is unclear whether documents obtained from PGx subject to the protective order in the Massachusetts action could be used in this case. In any event, the facts here are distinguishable from the situation in *Morrow*, where the subpoenaed documents were irrelevant and could have been obtained from a party. AMRI's lack of assurance that it could not obtain the documents from PGx is not a basis to quash its subpoena.

### D. *Trade secrets*

Next, Lilly argues that the subpoena should be quashed because responsive information contains proprietary, confidential information and trade secrets, and AMRI has not shown a clear and immediate need for the information. [Docket No. 26 at 4–5.] As discussed above, some of the information sought is irrelevant, and AMRI has no need for it. Other information, however, is highly relevant to AMRI's claims against Schloemer because it will show what PGx officials told Lilly about Vilazodone.[2] Because AMRI has a legitimate need for the information, the fact

---

[2]Schloemer argues that "the true and improper purpose of AMRI's subpoena appears to be to annoy, embarrass, oppress, and unduly burden Clinical Data and PGxHealth by interfering with a potential acquisition by Eli Lilly . . . by calling Eli Lilly's attention to what AMRI (alone) regards as deficiencies or unacceptable impurities in vilazodone." [Docket No. 2 at 7.] Given AMRI's representation that it was unaware that PGx was a candidate for takeover [Docket No.

that the information is confidential is not a reason to quash the subpoena, particularly when a protective order is in place. *See Kleinrichert v. Am. Family Ins. Group*, No. 1:10-cv-13-JMS-TAB, 2011 WL 470614, at *4 (S.D. Ind. Feb. 3, 2011) ("Discovery often involves trade secrets and other confidential information, and parties routinely seek protective orders to protect this information."); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2463.1 (3d ed. 2010) (collecting cases).

*E.     Sealing*

Finally, the Court addresses Schloemer's motions to seal, which AMRI and Lilly have neither joined nor opposed. First, Schloemer moves to seal the entire case, arguing that Schedule A contains "Confidential—Attorneys' Eyes Only" information under the protective order in the Massachusetts action. [Docket No. 8.] Although this Court honors the protection given to Schedule A by the Massachusetts court, many aspects of this case—attorney appearances, motions to seal, and portions of the briefing—do not reveal Schedule A's contents. The Court therefore denies Schloemer's motion to seal the entire case. For the same reason, the Court denies Schloemer's motions to seal his individual filings. [Docket Nos. 17, 24, 34.] Although these filings refer to Schedule A, Schloemer has not shown that those references merit wholesale sealing of the filings. Therefore, the Court shall unseal this case in 14 days unless Schloemer, AMRI, or Lilly shows good cause for keeping some portion of the record under seal and, if appropriate, submits redacted documents consistent with its position.

---

12 at 9 n.5] and AMRI's legitimate argument that the information sought is relevant, the Court declines to quash the subpoena on this basis.

**IV.	Conclusion**

Schloemer's motion to quash [Docket No. 1], AMRI's motion to compel [Docket No. 11], and Lilly's motion to quash [Docket No. 25] are granted in part and denied in part. The Court quashes paragraphs 7 and 8 of Schedule A to the subpoena and quashes paragraph 1 to the extent it seeks information unrelated to Vilazodone.

Schloemer's motions to seal [Docket Nos. 8, 17, 24, 34] are denied. The Court shall unseal this case in 14 days unless Schloemer, AMRI, or Lilly shows good cause for keeping some portion of the record under seal and, if appropriate, submits redacted documents consistent with its position.

Dated:   05/06/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Daniel K. Burke
HOOVER HULL LLP
111 Monument Circle
Suite 440
P.O. Box 44989
Indianapolis, IN 46244-0989

George F. Carpinello
BOIES SCHILLER & FLEXNER, LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207

Brian A. Davis
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110

Christopher J. Eckhart
SCOPELITIS GARVIN LIGHT HANSON
& FEARY PC
10 West Market Street
Suite 1500
Indianapolis, IN 46204

Andrew W. Hull
HOOVER HULL LLP
111 Monument Circle
Suite 440
P.O. Box 44989
Indianapolis, IN 46244-0989

Teresa A. Monroe
BOIES SCHILLER & FLEXNER, LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207

SCOPELITIS GARVIN LIGHT HANSON
& FEARY PC
10 West Market Street
Suite 1500
Indianapolis, IN 46204

April Edwards Sellers
BAKER & DANIELS
300 N. Meridian
Suite 2700
Indianapolis, IN 46204

Thomas F. Schulte